1

2

3

4                          UNITED STATES DISTRICT COURT

5                          NORTHERN DISTRICT OF CALIFORNIA

6

7    NICHOLAS ASSEF, et al.,                    Case No.  15-cv-01960-MEJ

                      Plaintiffs,
8                                               **ORDER GRANTING IN PART EX
          v.                                    PARTE APPLICATION FOR LEAVE
9                                               TO TAKE IMMEDIATE DISCOVERY**

10   DOES 1-10,                                  Re: Dkt. No. 8

                      Defendant.
11

12

13                                  **INTRODUCTION**

14        In this trademark infringement case, Plaintiffs Nicholas Assef and Lincoln Crowne &

15   Company Pty Ltd ("Plaintiffs") allege that unknown persons ("Defendants") created an infringing

16   blog hosted by Google Inc.'s "Blogger" service.  Pending before the Court is Plaintiffs' Ex Parte

17   Application for Leave to Take Immediate Discovery, in which Plaintiffs seek leave to serve a

18   subpoena on Google to learn Defendants' identities.  Dkt. No. 8.  Having considered Plaintiffs'

19   position and the relevant legal authority, the Court **GRANTS IN PART** Plaintiffs' Application for

20   the reasons below.

21                                   **BACKGROUND**

22        Lincoln Crowne is an Australian investment bank that provides advice on corporate

23   transactions and strategic engagements.  Compl. ¶¶ 6-7, Dkt. No. 1.  Assef is the founder and

24   executive director of Lincoln Crowne.  *Id.* ¶¶ 7, 9.  Lincoln Crowne owns the following

25   trademarks: Lincoln Crowne & Company (USPTO Reg. No. 4107955); Lincoln Crowne &

26   Company (Australian Reg. No. 1423961); Lincoln Crowne (Australian Reg. No. 1423960);

27   lincolncrowne (Australian Reg. No. 142175).  *Id.* ¶ 7.  Lincoln Crowne also owns and operates a

28   website located at lincolncrowne.com.  *Id.* ¶ 8.

United States District Court
Northern District of California

<div style="float:left; writing-mode:vertical-rl;">United States District Court<br>Northern District of California</div>

1   Plaintiffs allege that Defendants created an infringing and defamatory blog located at

2   www.lincolncrowne.blogspot.com ("the Blog").  *Id.* ¶ 11; Ex. A.  The Blog bears the heading,

3   "Beware Lincoln Crowne & Company" and the subheading "Warning Warning Warning – Nick

4   Assef."  *Id.* ¶ 12.  The text of the Blog includes personal attacks on Assef, as well as attacks on

5   Lincoln Crowne.  *Id.*  Defendants used Plaintiffs' "Lincoln Crowne" trademark as their Blogger

6   username, and thus "LINCOLNCROWNE" appears both in the Blog's URL and on the Blog itself

7   under the heading "About Me."  *Id.*  Defendants had no authorization to use the Lincoln Crowne

8   trademarks.  *Id.*  Defendants have no affiliation with Plaintiffs.  *Id.* ¶ 13.  Rather, Plaintiffs believe

9   that Defendants are individuals who were upset about the performance of a private investment and

10  posted false statements on the Blog in retaliation.  *Id.*

11  On January 7, 2014, Plaintiffs filed a defamation lawsuit against Google in the Supreme

12  Court of New South Wales, Australia.  *Id.* ¶ 15.  In response to the Australian lawsuit, on or about

13  January 18, 2014, Google removed the Blog across its Blogger domains.  *Id.*  However, in or

14  around September 2014, Plaintiffs discovered that Google had reinstated the Blog in the .com

15  domain.  *Id.* ¶ 16.  Thus, although the Blog is no longer available at the Australia-specific URL

16  www.lincolncrowne.blogspot.com/au, it is viewable at the primary URL

17  www.lincolncrowne.blogspot.com.  *Id.*  Despite the Australian litigation, Plaintiffs state that

18  Google refuses to take down the Blog without an order from a United States court.  *Id.* ¶ 17.

19  Plaintiffs filed this lawsuit on April 30, 2015 to seek redress for Defendants' alleged

20  infringement.  Because Defendants' identities are unknown, Plaintiffs have not been able to

21  attempt service and have not yet taken any further action in this litigation.  Evitt Decl. ¶ 4, Dkt.

22  No. 8-1.  On May 27, 2015, Plaintiffs filed the present Application, seeking discovery to

23  determine information about the individuals who created the Blog.  Namely, Plaintiffs seek to

24  obtain from Google:

25  • Documents sufficient to identify the names, addresses, telephone
26  numbers, and email addresses of the individuals and/or entities
    who created, own and operate the Blog;

27  • Documents sufficient to identify the IP [Internet Protocol]
    addresses used to create, operate and access the Blog; and
28

2

- Documents relating to the individuals and/or entities who created, own and operate the Blog.

App. at 5.  Plaintiffs maintain that this information will allow them either to amend their Complaint to name the Defendants, or to determine what additional subpoenas will be necessary to determine Defendants' identities.  *Id.*

## LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 26(d) provides, in part, that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order."  Fed. R. Civ. P. 26(d)(1).  A court may order expedited discovery under Rule 26(d) for good cause, which may be found "where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party."  *Semitool, Inc. v. Tokyo Elec. Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002).  Good cause "is frequently found in cases involving claims of infringement and unfair competition."  *Id.*  The court must perform this evaluation in light of "the entirety of the record to date and the *reasonableness* of the request in light of all the surrounding circumstances."  *Id.* at 275 (citation & quotation marks omitted) (emphasis in original).

Rule 45 governs discovery of non-parties by subpoena.

## DISCUSSION

As a preliminary matter, the Court notes that the use of "Doe" to identify a defendant is not favored.  *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).  But it is appropriate "where the identity of alleged defendants will not be known prior to the filing of a complaint."  *Id.*  Here, because Defendants anonymously operate the Blog, Plaintiffs have been unable to determine their true identities.  Evitt Decl. ¶ 3.  "In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds."  *Gillespie*, 629 F.2d at 642.

As noted above, Plaintiffs seek to obtain three categories of information.  As to Defendants' contact information, it does not appear that Plaintiffs have any other way to obtain this most basic information, which is necessary to advance the lawsuit by enabling Plaintiffs to

United States District Court
Northern District of California

3

1   effect service of process.  Evitt Decl. ¶ 3.  "Postponing disclosure of information until the normal

2   course of discovery is not an option in the instant case because, without disclosure of Defendants'

3   names and contact information, the litigation cannot proceed to that stage."  *UMG Recordings*,

4   2006 WL 1343597 at *1 (citing *Semitool*, 208 F.R.D. at 276).  Thus, good cause exists for

5   discovery of Defendants' names, addresses, telephone numbers, and email addresses.

6         As to IP addresses, expedited discovery is appropriate because the addresses can assist in

7   the identification of Doe defendants.  *See Dhillon v. Does 1-10*, 2013 WL 5367783, at *2 (N.D.

8   Cal. Sep. 25, 2013) (permitting plaintiff to serve subpoena on Google to obtain identity of Doe

9   defendants, including IP addresses used to create and maintain accounts); *Big Ticket Television,*

10  *Inc. v. Zaragosa*, 2013 WL 3833075, at *1 (S.D.N.Y. July 16, 2013) (permitting immediate

11  discovery, including IP addresses, from Google to "enable Plaintiffs to ascertain the identities of

12  the Defendants or to effectuate service upon them."); *Bloomberg, L.P. v. John Does 1-4*, 2013 WL

13  4780036, at *1 (S.D.N.Y. June 26, 2013) (denying motion for reconsideration in trademark

14  infringement case where the court had previously permitted plaintiffs leave to serve Google with a

15  Rule 45 subpoena seeking information, including IP addresses, to identify Doe defendants).  Thus,

16  good cause exists to permit discovery of the IP addresses used to create, operate, and access the

17  Blog.

18        As to the third category, "[d]ocuments relating to the individuals and/or entities who

19  created, own and operate the Blog," the Court finds that Plaintiffs have failed to establish good

20  cause for such broad discovery at this early stage in the proceedings.  If Plaintiffs obtain

21  Defendants' contact information, it is not clear why all documents "relating to" Defendants would

22  also be necessary to effect service of process.  Accordingly, the Court finds that Plaintiffs have

23  shown a need for expedited discovery of Defendants' names, addresses, telephone numbers, and

24  email addresses, as well as the IP address used to create the Blog, but not other documents

25  "relating to" Defendants.

26        The Court also finds that Plaintiffs' infringement claims are likely to survive a motion to

27  dismiss.  Trademark infringement requires Plaintiffs to show that Defendants used (1) a

28  reproduction, counterfeit, copy or colorable imitation of their registered trademark; (2) without

United States District Court
Northern District of California

4

United States District Court
Northern District of California

1     Plaintiffs' consent; (3) in commerce; (4) in connection with the sale, offering for sale, distribution

2     or advertising of any goods; (5) where such use is likely to cause confusion, or to cause a mistake

3     or to deceive.  15 U.S.C. § 1114(1)(a); *Brookfield Commc'n v. W. Coast Entm't*, 174 F.3d 1036,

4     1046-47 (9th Cir. 1999).  In their Complaint, Plaintiffs allege that they own all right, title, and

5     interest in the Lincoln Crowne Trademarks and www.lincolncrowne.com website.  Compl. ¶ 21.

6     They further allege that Defendants created the Blog, which has a username and URL that are

7     identical or confusingly similar to Plaintiffs' trademarks, without Plaintiff's authorization, and that

8     Defendants' unauthorized use of the trademarks is likely to cause confusion, mistake, or deception

9     as to its association with Plaintiffs.  *Id.* ¶¶ 22-23.  Thus, Plaintiffs plead all necessary elements of a

10    trademark cause of action, and they have shown good cause exists for the need to issue a Rule 45

11    subpoena.  *See UMG Recordings, Inc. v. Doe*, 2008 WL 4104214, at *4 (N.D. Cal. Sep. 3, 2008)

12    ("In Internet infringement cases, courts routinely find good cause exists to issue a Rule 45

13    subpoena to discover a Doe defendant's identity, prior to a Rule 26(f) conference, where a plaintiff

14    makes a prima facie showing of infringement [and] and there is no other way to identify the Doe

15    defendant…."); *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 579-80 (N.D. Cal. 1999)

16    (authorizing plaintiff to conduct pre-service discovery to ascertain the identities of Doe defendants

17    accused of committing trademark infringement over the Internet).

18         Balancing this need against "the prejudice to the responding party," *Semitool*, 208 F.R.D.

19    at 276, the Court finds the need for expedited discovery, in consideration of the administration of

20    justice, outweighs the prejudice to Google.  Looking first at "the administration of justice,"

21    without expedited discovery, Plaintiffs cannot identify Defendants, which means this matter

22    cannot proceed forward, and Plaintiffs will continue to suffer ongoing, continuous injury due to

23    Defendants' illegal activities.  As to the prejudice to Google, there is none, as the Rule 45

24    subpoena will only identify Defendants' contact information in order to advise them of suit, and

25    possibly resolve this matter without additional litigation.  Further, as stated in the Conclusion

26    below, protective measures shall be implemented to avoid undue prejudice to Defendants and

27    protect their privacy.

28

**CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Plaintiffs' Ex Parte Application for Leave to Take Immediate Discovery, as modified herein.  Specifically,

1.  Plaintiffs may serve a subpoena pursuant to Federal Rule of Civil Procedure 45 on Google to obtain the Defendants' names, addresses, telephone numbers, and email addresses, as well as documents sufficient to identify the IP addresses used to create, operate, and access the Blog (the "Identifying Information").  Plaintiffs must serve on Google a copy of this Order attached to the subpoena.

2.  Google shall have 21 days from service of the subpoena to serve Defendants with a copy of the subpoena and this Order.  Google may serve Defendants using any reasonable means, including written notice sent to the last known address, transmitted either by first-class mail or via overnight service.

3.  Google and Defendants shall each have 21 days from the date of service upon him, her, or it to file any motions in this Court contesting the subpoena (including a motion to quash or modify the subpoena).  If neither Google nor Defendants moves or objects within these time periods, Google shall have 7 days to serve the Identifying Information on Plaintiffs.

4.  If any motions are brought to quash or otherwise object to the subpoena, Google shall preserve the Identifying Information pending resolution of such motions.

5.  Any information disclosed to Plaintiffs in response to the subpoena may be used solely for the purpose of protecting their rights as set forth in the Complaint.

**IT IS SO ORDERED.**

Dated: May 28, 2015

_____
MARIA-ELENA JAMES
United States Magistrate Judge

United States District Court
Northern District of California

6