MARC E. MAYER (SBN 190969), mem@msk.com
EMILY F. EVITT (SBN 261491), efe@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, CA  90064-1683
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Plaintiffs Nicholas Assef and Lincoln Crowne & Company Pty Ltd

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NICHOLAS ASSEF, an individual; and LINCOLN CROWNE & COMPANY PTY LTD, an Australian corporation,<br><br>         Plaintiffs,<br><br>    v.<br><br>DOES 1-10,<br><br>         Defendants. | CASE NO. C 15-01960 MEJ<br><br>**RESPONSE TO "OFFER" OF PAUL ALAN LEVY OF PUBLIC CITIZEN LITIGATION GROUP TO SERVE AS GUARDIAN AD LITEM FOR DOES 1-10** |

CASE NO. C 15-01960 MEJ
**RESPONSE TO OFFER TO SERVE AS GUARDIAN AD LITEM**

On June 9, 2015, counsel for Plaintiffs Nicholas Assef and Lincoln Crowne & Company Pty Ltd ("Plaintiffs") received notice, via the Court's ECF system, of a letter dated June 2, 2015 from Paul Alan Levy of Public Citizen Litigation Group ("Public Citizen").  In the letter, Mr. Levy purports to be offering to serve as "guardian ad litem" to anonymous Doe Defendants who presumably he has never met, and who he has no reason to believe are minors or incompetents, based solely on his speculation that the Doe Defendants may not have access to American lawyers and his assumption that they share Public Citizen's interest in protecting anonymous online speech.  Plaintiffs object to, and ask that the Court reject, Mr. Levy's request that the Court appoint him as guardian ad litem for the anonymous individual or individuals who engaged in the acts of trademark infringement and defamation alleged in their Complaint.  Mr. Levy's offer is not an appropriate guardian ad litem offer, but instead is an improper request by a non-profit organization to intervene in this action without standing to do so, in order to further its own public policy agenda.[1]

Initially, the request is procedurally improper, and Mr. Levy has cited no case law in this Circuit supporting it.  There is no federal rule, statute, or other basis that would allow for a guardian ad litem to be appointed in these circumstances.  Rather, Federal Rule of Civil Procedure 17 provides that a guardian ad litem must be appointed "to protect a minor or incompetent person who is unrepresented in an action."  F.R.C.P. 17(c)(2).  There is no indication that the defendants in this case are either minors or incompetents.  Indeed, there is no evidence that the Doe Defendants are even unrepresented.  Nor does Mr. Levy cite any Northern District of California rule providing guardians ad litem for anonymous actors, and there is no such rule of which Plaintiffs' counsel is aware.  That the defendants in this case engaged in their misconduct over the Internet, using aliases, does not make them incapable of defending themselves or representing their own interests in this action.[2]

---

[1] Mr. Levy of Public Citizen wrote an *ex parte* letter to the Court.  Plaintiffs are responding within one day of receiving notice of this unusual submission in order to promptly inform the Court of their position.  However, if the Court requires further briefing, Plaintiffs would be happy to provide it.

[2] The out-of-circuit case cited by Mr. Levy, *Mick Haig Prods. E.K. v. Does*, 687 F.3d 649 (5th Cir. 2012), does not establish the Court has the authority to appoint a guardian ad litem here.  The
(…continued)

2   CASE NO. C 15-01960 MEJ
**RESPONSE TO OFFER TO SERVE AS GUARDIAN AD LITEM**

Mitchell Silberberg & Knupp LLP
6907558.3

Furthermore, the circumstances of this case illustrate why Mr. Levy's "offer" to be appointed guardian ad litem is not appropriate. Presumably, Mr. Levy has never spoken to any of the Doe Defendants. There is no indication that he has any interest in protecting their rights, including any purported right to speak anonymously. Indeed there is no evidence to suggest that the Doe Defendants even wish to invoke or stand on those rights. Mr. Levy's interest – far from the "protection" of the Doe Defendants – is merely to advance his views on a single public policy issue. His agenda may directly conflict with the actual interests of the Doe Defendants, which may be, for example, to broker a resolution to this dispute. Strangely, Mr. Levy never explains how his appointment as guardian ad litem for the Doe Defendants would be consistent with their interests or whether he would intend to remain as counsel in the event that the Doe Defendants are identified or elect to appear in this action. Without knowing anything about the Doe Defendants, there is no basis to believe they would have any interest in being "represented" by Public Citizen.

Mr. Levy's unusual request also is unwarranted here because the interests of the Doe Defendants have been and will be adequately represented in this action. The Court is perfectly capable of evaluating the merits of the case and protecting the interests of the defendants. This was evident from the Court's thorough six-page opinion and order granting, in part, Plaintiffs' application for leave to take immediate discovery. *See* ECF Doc. No. 9. Rather than allowing Plaintiffs to take all the discovery they requested, the Court permitted only the two narrow categories it deemed necessary for Plaintiffs to determine the Doe Defendants' identities. *Id.* The Court also evaluated Plaintiffs' trademark infringement claims and held they were likely to survive a motion to dismiss. *Id.* Perhaps most relevant here, the Court issued a detailed order providing that Google must give the Doe Defendants notice of the subpoena, and that the Doe Defendants would have 21 days from service of the subpoena on them to file a motion to quash

---

(…continued)
*Haig* decision merely states that "the court appointed attorneys from the Electronic Frontier Foundation and Public Citizen Litigation Group (the 'attorneys *ad litem*') to represent the Does in responding to the motion [for expedited discovery]." 687 F.3d at 650. It does not describe the procedure by which the attorneys ad litem were appointed. Additionally, *Haig* was different from this case in critical respects including that *Haig* involved hundreds of anonymous defendants accused of illegally downloading a pornographic film, and here, unlike in *Haig*, Plaintiffs' motion for expedited discovery has already been granted by the Court. *Id.*

before their identifying information is subsequently revealed. *Id.* Thus, if defendants so choose, they will be able to hire counsel to challenge the subpoena.

Finally, although Mr. Levy is correct that Plaintiffs are seeking an order removing the infringing and defamatory blog at issue in this case, he creates the misimpression that this case can proceed without the involvement of the Doe Defendants. To the contrary, even if Plaintiffs were to seek a default judgment against the Doe Defendants, they could not do so without first (a) identifying them, and (b) serving them with the Complaint. *See generally* Federal Rules of Civil Procedure, Rule 4, Rule 55. In other words, even after they are identified, the Doe Defendants will have opportunity to defend the case, either pro se or with the assistance of counsel. Indeed, there is nothing preventing Mr. Levy from contacting the Doe Defendants after they have been served and offering his assistance at that time.

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Mr. Levy's request to be appointed guardian ad litem.

DATED: June 10, 2015              RESPECTFULLY SUBMITTED,

                                  MARC E. MAYER
                                  EMILY F. EVITT
                                  MITCHELL SILBERBERG & KNUPP LLP


                                  By: /s/ Marc E. Mayer
                                      Marc E. Mayer
                                      Attorneys for Plaintiffs Nicholas Assef and
                                      Lincoln Crowne & Company Pty Ltd

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California, I am over the age of eighteen years and am not a party to this action; my business address is Mitchell Silberberg & Knupp LLP, 11377 West Olympic Boulevard, Los Angeles, CA  90064-1683, and my business email address is jda@msk.com.

On June 10, 2015, I served a copy of the foregoing document(s) described as **RESPONSE TO "OFFER" OF PAUL ALAN LEVY OF PUBLIC CITIZEN LITIGATION GROUP TO SERVE AS GUARDIAN AD LITEM FOR DOES 1-10** on the interested parties in this action at their last known address as set forth below by taking the action described below:

Paul Alan Levy
Public Citizen Litigation Group       Non-Party Attorney
1600 20th Street NW
Washington, D.C. 20009

Telephone: (202) 588-1000
E-Mail: plevy@citizen.org

☑   **BY MAIL**:  I placed the above-mentioned document(s) in sealed envelope(s) addressed as set forth above, and deposited each envelope in the mail at Los Angeles, California.  Each envelope was mailed with postage thereon fully prepaid.

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on June 10, 2015, at Los Angeles, California.

　　　　/s/Jennifer Gaines　　　　　　　　
　　　　　　　Jennifer Gaines