UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS ASSEF, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>DOES 1-10,<br><br>    Defendant. | Case No. 15-cv-01960-MEJ<br><br>**ORDER GRANTING EX PARTE APPLICATION FOR LEAVE TO SERVE DOE DEFENDANTS BY EMAIL**<br><br>Re: Dkt. No. 24 |

## INTRODUCTION

Plaintiffs Nicholas Assef and Lincoln Crowne & Company ("Lincoln Crowne") (collectively, "Plaintiffs") bring this action against Does 1-10 ("Defendants") for trademark infringement and defamation. Compl., Dkt. No. 1. Plaintiffs now move for leave to serve Defendants by email and by posting to a blog allegedly maintained by Defendants. Appl., Dkt. No. 24. The Court finds this matter suitable for disposition without oral argument. *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7-1(b). Having considered Plaintiffs' position, relevant legal authority, and the record in this case, the Court **GRANTS** Plaintiffs' Ex Parte Application for the following reasons.

## BACKGROUND

Lincoln Crowne is an investment bank that provides advice on corporate transactions and strategic engagements. Compl. ¶ 7. Assef is its founder and executive director. *Id.* ¶ 9. Lincoln Crowne owns the following trademarks (collectively, the "Lincoln Crowne Trademarks"): Lincoln Crowne & Company (USPTO Reg. No. 4107955); Lincoln Crowne & Company (Australian Reg. No. 1423961); Lincoln Crowne (Australian Reg. No. 1423960); lincolncrowne (Australian Reg. No. 142175). *Id.* ¶ 7. Additionally, Lincoln Crowne owns and has operated a website located at

lincolncrowne.com. *Id.* ¶ 8.

Plaintiffs' case concerns a blog located at www.lincolncrowne.blogspot.com (the "Blog"), which was posted in 2007. *Id.* ¶¶ 11, 14; Declaration of Emily F. Evitt ("Evitt Decl.") ¶ 2, Dkt. No. 24-1. The Blog bears the heading, "Beware Lincoln Crowne & Company" and the subheading "Warning Warning Warning – Nick Assef." Compl. ¶ 12 & Ex. A (copy of www.lincolncrowne.blogspot.com). The text of the Blog includes unsubstantiated personal attacks on Assef, as well as on his company. *Id.* (both). Defendants used Lincoln Crowne's trademark as their Blogger username, and thus "LINCOLNCROWNE" appears both in the Blog's URL and on the Blog itself under the heading "About Me." *Id.* Defendants have no affiliation with Plaintiffs and had no authorization to use the Lincoln Crowne Trademarks. Compl. ¶¶ 12, 14.

Defendants originally posted the Blog on or about May 25, 2007. *Id.* ¶ 14. Plaintiffs allege Defendants are individuals who were upset about the performance of a private investment and posted false statements on the Blog in retaliation. *Id.* ¶ 13. When one types "Lincoln Crowne blogspot" or "Nicholas Assef blogspot" into the search engine Google, the Blog appears on the first page of search results. Evitt Decl. ¶ 3 & Ex. A (copies of search results). Plaintiffs allege the Blog has caused and is continuing to cause damage to their reputations, including the loss of clients, significant revenue, and their ability to recruit employees. Compl. ¶ 19; Evitt Decl. ¶ 4.

Assef has submitted over 30 complaints to Google requesting removal of the Blog, but Google repeatedly refused to remove it. Compl. ¶ 14; Evitt Decl. ¶ 5 & Ex. B (copies of emails from Google to Assef). On or about January 7, 2014, Plaintiffs filed a defamation lawsuit against Google in the Supreme Court of New South Wales, Australia. Compl. ¶ 15. In response to the Australian lawsuit, on or about January 18, 2014, Google removed the Blog across all Blogger domains. *Id.* However, in or around September 2014, Plaintiffs discovered that Google had reinstated the Blog in the .com domain. *Id.* ¶ 16. Thus, although the Blog is no longer available at the Australia-specific URL www.lincolncrowne.blogspot.com/au, it is viewable at the primary URL www.lincolncrowne.blogspot.com. *Id.* Plaintiffs allege Google now refuses to take down the Blog without a U.S. court order. *Id.* ¶ 17.

Plaintiffs filed this lawsuit on April 30, 2015 to seek redress for Defendants' conduct. *Id.* ¶ 1. When Plaintiffs filed the Complaint, they were unaware of Defendants' identities, and therefore sued them as Does 1-10. Plaintiffs have since attempted to determine who posted the anonymous Blog. Evitt Decl. ¶ 7. After filing the Complaint, Plaintiffs filed an ex parte application for leave to take limited immediate discovery to determine Defendants' identities. Dkt. No. 8; Evitt Decl. ¶ 8. The Court granted, in part, Plaintiffs' ex parte application and issued an order permitting them to serve a subpoena on Google "to obtain the Defendants' names, addresses, telephone numbers, and email addresses, as well as documents sufficient to identify the IP addresses used to create, operate, and access the Blog . . . ." Dkt. No. 9. Plaintiffs served a subpoena on Google and in its response, Google provided the Gmail email address used to register the Blog: lincolncrowne@gmail.com (the "Gmail Address"). Dkt. No. 16; Evitt Decl. ¶ 8.

As Google also operates Gmail, Plaintiffs filed a second ex parte application and sought leave from the Court to serve a second subpoena on Google. Dkt. No. 16. The Court granted Plaintiffs' ex parte application on October 27, 2015 (Dkt. No. 17), and that same day Plaintiffs issued a subpoena to Google. Dkt. No. 18. In its response, Google disclosed a Yahoo email address—nick@yahoo.com (the "Yahoo Address")—for the user who created the Gmail Address that had been used to register the Blog. Evitt Decl. ¶ 9. Plaintiffs' counsel subsequently emailed the Yahoo Address and the Gmail Address, asking if Defendants would accept service of the Complaint or contact Plaintiffs' counsel to discuss the case. Evitt Decl. ¶ 10 & Ex. D (copy of email). However, Plaintiffs' counsel received a bounce-back from the Yahoo Address stating the email address did not exist. Evitt Decl. ¶ 10 & Ex. E (copy of bounce-back notification). Plaintiffs' counsel did not receive a bounce-back from the Gmail Address, but Defendants did not respond to Plaintiffs' email. Evitt Decl. ¶ 10.

Additionally, in its second subpoena response, Google provided the IP address used to create the Gmail Address (the "IP Address"). *Id.* ¶ 11. Plaintiffs' counsel traced the IP address to Singapore. *Id.* & Ex. F (copy of IP Address lookup). Assef then researched the IP Address and traced it to a large public area in Singapore (circa 90 Bras Basah Road, Singapore), an area that features a number of food outlets that offer free wireless Internet. *Id.* ¶ 12 & Exs. G-I (copies of

the IP Address Location Report created by Assef on the website ipaddresslocation.org, the map for the Esplanade MRT station that is available from the website streetdirectory.com, and a Google map for 90 Bras Basah Road, respectively). Based on the Singapore IP Address used by Defendants, as well as Plaintiffs' own location in Australia, Plaintiffs have determined that Defendants are likely based outside the United States, in Singapore or Australia. Appl. at 4.

Plaintiffs bring this ex parte application seeking leave to serve Defendants by email and posting to the Blog, arguing that unless the Court grants this request, they will have no redress from the alleged infringing and defamatory speech that they have been trying to remove for nearly nine years. Appl. at 1. Although they have made efforts to identify and locate Defendants, they contend the only available means to contact them is by email because Defendants have actively concealed their identities. *Id.*

## LEGAL STANDARD

Federal Rule of Civil Procedure 4(f) sets forth methods for serving an individual in a foreign country, such as via the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents ("Hague Convention"), by means prescribed by the law of the foreign country, or by letters rogatory. Specifically, Rule 4(f)(3) states: "Unless federal law provides otherwise, an individual . . . may be served at a place not within any judicial district of the United States: . . (3) by other means not prohibited by international agreement, as the court orders."[1] A plaintiff need not attempt service by another method before seeking leave from the Court to serve defendant pursuant to Rule 4(f)(3); plaintiff must only "demonstrate that the facts and circumstances of the present case necessitate[] the district court's intervention." *Rio Props., Inc.*

---

[1] The other methods of service of an individual in a foreign country are: "(1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents; (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice: (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction; (B) as the foreign authority directs in response to a letter rogatory or letter of request; or (C) unless prohibited by the foreign country's law, by: (i) delivering a copy of the summons and of the complaint to the individual personally; or (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt." Fed. R. Civ. P. 4(f).

4

*v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002) (affirming propriety of service of process by e-mail).

"As obvious from its plain language, service under Rule 4(f)(3) must be (1) directed by the court; and (2) not prohibited by international agreement. No other limitations are evident from the text." *Id.* at 1014. While Rule 4(f)(3) gives the court discretion to "craft alternate means of service," such means still must comport with constitutional notions of due process. *Id.* at 1016. "To meet this requirement, the method of service crafted by the district court must be 'reasonably calculated under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id.* at 1016-17 (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)).

**DISCUSSION**

The Court finds Plaintiffs have satisfied all of the requirements for alternative service under Rule 4(f)(3). First, based on their service efforts to date, Plaintiffs have learned that Defendants are likely based in either Singapore or Australia. The Gmail Address used to create the Blog was created from the IP Address in Singapore. Plaintiffs, in turn, are based in Australia, as are their customers; thus, there is also a chance that Defendants are in Australia. Even though Plaintiffs do not have Defendants' precise location, a defendant's location need not be known with certainty to authorize service under Rule 4(f)(3). *Wilens v. Automattic Inc.*, 2015 WL 498745, at *5 (N.D. Cal. Feb. 5, 2015) (granting leave to serve anonymous Doe defendant by email where defendant "appear[ed] to be located in Russia"). Neither Singapore nor Australia is party to an international agreement prohibiting service by email. Australia is a member of the Hague Convention, which does not prohibit service by email. *See* Hague Conf. on Private Int'l Law, Status Table 14, http://www.hcch.net/index_en.php?act=conventions.status&cid=17 (last visited Mar. 28, 2016); *Facebook, Inc. v. Banana Ads, LLC*, 2012 WL 1038752, at *2 (N.D. Cal. Mar. 27, 2012) (collecting cases). Singapore is not a member of the Hague Convention, but the Court is unaware of any international agreement prohibiting service by email there. *See United States v. First Coast Meat & Seafood*, 30 C.I.T. 1377, 1378 (2006) (noting that Singapore has not "acceded to the Hague Service Convention). Regardless, "because [Defendants] physical addresses are

1  unknown, the Hague Convention does not apply." *Goes Int'l, AB v. Dodur Ltd.*, 2015 WL
2  1743393, at *3 (N.D. Cal. Apr. 16, 2015) (citing Hague Service Convention Art. 1, 20 U.S.T. 361,
3  658 U.N.T.S. 163; *Liberty Media Holdings, LLC. v. Sheng Gan*, 2012 WL 122862, at *3 (D. Colo.
4  Jan. 17, 2012) (holding that the Hague Convention does not apply to defendant who lived in China
5  and whose address was unknown); *United States v. Distribuidora Batiz CGH, S.A. De C.V.*, 2011
6  WL 1561086, at *5 (S.D. Cal. Apr. 21, 2011)).

Second, Plaintiffs have taken diligent measures to determine Defendants' identities. Plaintiffs served multiple subpoenas and traced the IP address at issue, but were unable to determine Defendants' identities. Plaintiffs subpoenaed Google about the Blog page and obtained the Gmail Address, after which they subpoenaed Google again for information about the Gmail Address and received the Yahoo Address and the IP Address. The Yahoo Address bounced back and the IP Address traced to a public area in Singapore. Thus, it appears Plaintiffs' only means of contacting Defendants is via the Gmail Address. *See Goes Int'l*, 2015 WL 1743393, at *3 (permitting service by email where plaintiff "sent test emails to this address and did not receive any notification that the emails were not delivered.").

Third, service via email to the Gmail Address and posting to the Blog is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Rio Props.*, 284 F.3d at 1016 (citations and quotation omitted). As discussed above, email to the Gmail Address and posting to the Blog is Plaintiffs' only available means of contacting Defendants. Such service is reasonably calculated to give notice under the circumstances because it appears Defendants may have actively concealed their identities. If Plaintiffs are not granted leave to serve the Complaint by email, they will have no means to proceed with this case.

**CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Plaintiffs' Ex Parte Application. Plaintiffs shall serve the Summons and Complaint on Defendants by sending an email to the email address lincolncrowne@gmail.com and by posting a link to the Summons and Complaint to the blog page located at www.lincolncrowne.blogspot.com. Plaintiffs shall file proof of service by these

methods by April 25, 2016.

**IT IS SO ORDERED.**

Dated: March 28, 2016

                                                                              
MARIA-ELENA JAMES
United States Magistrate Judge