UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS ASSEF, et al.,<br><br>        Plaintiffs,<br><br>   v.<br><br>DOES 1-10,<br><br>        Defendant. | Case No. 15-cv-01960-MEJ<br><br>**ORDER VACATING HEARING AND ORDERING FURTHER BRIEFING**<br><br>Re: Dkt. No. 37 |

This matter is currently scheduled for a hearing on August 11, 2016 regarding the motion for default judgment filed by Nicholas Assef and Lincoln Crowne & Co. ("Plaintiffs"). Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this matter suitable for disposition without oral argument and hereby **VACATES** the August 11, 2016 hearing; however, the Court orders Plaintiffs to provide further briefing on the five issues listed below:

(1) Defendant agreed to a forum selection clause when he accepted Google's Terms of Service in 2007. Plaintiffs are not parties to that contract but nonetheless attempt to use the forum selection clause to support the Court's exercise of personal jurisdiction over Defendant in this action. Plaintiffs cite *Scott USA Inc. v. Patregnani*, 2015 WL 1736496 (D. Id. Apr. 16, 2015) for the proposition that courts can use a forum selection clause to establish a defendant's consent to their jurisdiction even though the plaintiff was not a party to the agreement. *See* Mot. at 6-7. In that case, however, the Idaho court found the non-party was bound because it was "'closely related' to the dispute such that it becomes 'foreseeable' that it will be bound." 2015 WL 1736496, at *3 (quoting *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 513 (9th Cir. 1988)). Specifically, the Idaho court found there could "be little doubt that [the third party] is

'closely related' to the dispute between [plaintiff] and [defendant]. This dispute . . . arises out of [third party's] alleged breach of its credit agreement with [plaintiff,] which [defendant] guaranteed. Thus, it is eminently foreseeable that [third party] would be bound by a forum selection clause that references [third party] specifically—even if [third party] was not a signatory to the Personal Guarantee signed by [defendant.]" *Id*. Plaintiffs should provide further legal support for their contention that personal jurisdiction based on Defendant's consent exists under the circumstances here, i.e., where an unrelated third party uses a forum selection clause as the means to establish personal jurisdiction over a defendant who agreed to that clause in a contract with an entity that is not a party to the present dispute.

(2) To establish personal jurisdiction exists under a minimum contact analysis, Plaintiffs must show Defendant purposefully directed his activities toward California. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004) (tort claims—such as defamation—are generally analyzed under the "purposeful direction" test). To determine whether a defendant "purposefully directs his activities at a forum state," courts apply the "effects" test articulated in *Calder v. Jones*, 465 U.S. 783 (1984). *See Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002). The "effects" test requires that the defendant allegedly must have "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Id*. In *Walden v. Fiore*, 134 S. Ct. 1115, 1123-24 (2014), the Supreme Court revisited personal jurisdiction and the *Calder* test, and clarified that the relevant inquiry was the defendant's contact with *the forum*, not with plaintiff: "mere injury to a forum resident is not a sufficient connection to the forum" to establish minimum contact exists. Courts must look to defendant's contacts with the forum state itself, not with the persons who reside there. Plaintiffs should clarify why they believe Defendant purposefully directed his activities at California, particularly as Plaintiffs are Australian residents and the blog at issue here does not appear connected to California in any manner besides being hosted by Google.

(3) Ninth Circuit courts apply state law to determine whether the speech at issue is defamatory. *Lee Myles Assocs. Corp., v. Paul Rubke Enters.*, 557 F. Supp. 2d 1134, 1139 (S.D. Cal. 2008). Under California law, the elements of defamation are: "(a) a publication that is (b)

2

false, (c) defamatory, and (d) unprivileged, and that (e) has a natural tendency to injure or that causes special damage." *Kechara House Buddhist Ass'n Malaysia v. Does*, 2015 WL 5538999, at *4 (N.D. Cal. Sept. 18, 2015). To make a prima facie defamation case, Plaintiffs bear the burden of establishing each element, but Plaintiffs have not addressed whether the blog statements are unprivileged. "One potential issue is the First Amendment. . . . In the context of default judgment for alleged defamation on gripe sites, the situation is not just about notice pleading and service on a defaulting defendant. It necessarily implicates whether the allegations establish a claim at all because some speech is protected by the First Amendment. The analysis turns on what the speech is." *Wilens v. Doe Defendant No. 1*, 2015 WL 4606238, at *15 (N.D. Cal. July 31, 2015). Why is the speech at issue here unprivileged?

(4) A court may deny a motion for default judgment where a statute of limitations defense is apparent on the face of the complaint. *Joe Hand Promotions, Inc. v. Tu Minh Nguyen*, 2011 WL 1642306, at *2 (N.D. Cal. May 2, 2011) (citations omitted). The Complaint alleges Defendants posted the Blog in 2007 and Plaintiffs discovered it the same year. Compl. ¶ 14. For purposes of the statute of limitations, the Ninth Circuit has held that the publication date of a webpage is the date the allegedly defamatory statements were first posted. *See Roberts v. McAfee, Inc.*, 660 F.3d 1156, 1167 (9th Cir. 2011). Under California law, the statute of limitations for defamation is one year. Cal. Civ. Proc. Code § 340. Plaintiffs filed this action in 2015. Is a statute of limitations defense to the defamation claim not apparent on the face of the complaint?

(5) If Plaintiffs' motion for default judgment is granted, how could a court order Google, Inc.—a non-party to this action—to remove the offending blog or transfer ownership of the blog to Plaintiffs?

//
//
//
//

The supplemental brief shall be no longer than eight pages and shall be filed no later than August 22, 2016. Upon receipt of Plaintiffs' additional briefing, the matter will be deemed under submission.

**IT IS SO ORDERED.**

Dated: August 8, 2016

_____
MARIA-ELENA JAMES
United States Magistrate Judge